# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **Boozer-Lindsey, P.A., L.L.C.,** § <br> **d/b/a Athens Dental Works,** § <br> § <br> § <br> **Plaintiff** § <br> § <br> **v.** § <br> § <br> **Sentinel Insurance Company, Ltd., a** § <br> **Wholly-Owned Subsidiary of The** § <br> **Hartford,** § <br> § <br> **Defendant** § | Civil Action No. 5:20-cv-00066 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Boozer-Lindsey, P.A., L.L.C. d/b/a Athens Dental Works, ("Athens Dental Works") and files this Original Complaint against Defendant Sentinel Insurance Company, Ltd., a wholly owned subsidiary of The Hartford ("Sentinel"), over its refusal to provide insurance coverage under its applicable policy and would show the Court as follows:

## I.

## PARTIES

1.   Plaintiff is a Professional Association and Limited Liability Corporation registered in the state of Texas with its principal place of business located at 6300 State Highway 19 South, Athens, Henderson County, Texas.  It provides dental care to patients.

2.   Defendant Sentinel along with its parent, The Hartford, is foreign insurance company with a certificate of authority to engage in the business of insurance in the state of Texas.

Defendant may be served through its agent for service of process: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.  Issuance of citation to the defendant is requested.

## II.
## JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interests and costs.

## III.
## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a substantial part of the property that is the subject of this action is situated in this district.

## IV.
## FACTUAL BACKGROUND

5. Plaintiff Athens Dental Works provides dental care to patients in Athens, Texas.

6. Sentinel entered into a contract of commercial property insurance with Athens Dental Works.  Athens Dental Works agreed to pay significant premiums in exchange for Sentinel's promises of indemnify for losses, including but not limited to, business income losses at its location ("the Insured Property").

7. The Insured Property is covered under policy number 46 SBA ZH9710, which was renewed for the October 8, 2019, to October 8, 2020, policy period ("the Policy"). Plaintiff fulfilled all of its responsibilities under the insurance contract, dutifully paying tens of thousands of dollars in premiums to Defendant over the years.

8.      The Policy has been continuously in full force and effect since inception, providing first-party property, business personal property and business income, extra expense and additional coverages.

9.      Defendant promised under the Policy to pay "for direct physical *loss of* or damage to Covered Property at the premises described in the Declarations (also called "scheduled premises" in this policy) caused by or resulting from a Covered Cause of Loss."

10.     The Policy provides "all risks" insurance.

11.     A pneumonia of unknown origin was first reported to the World Health Organization ("WHO") on December 31, 2019. China provided the genetic sequence for what has become known as the 2019 Novel Coronavirus (2019-nCOV) on or about January 12, 2020. The WHO recognized on January 25, 2020, that the 2019 Novel Coronavirus is a "global threat to human health . . . ." On January 30, 2020, the Director of WHO declared the 2019 Novel Coronavirus "outbreak a Public Health Emergency of International Concern." The disease caused by the 2019 Novel Coronavirus was identified as "COVID-19" on February 11, 2020. On March 11, WHO characterized COVID-19 as a pandemic. WHO saw "alarming levels of spread and severity, and by the alarming levels of inaction." WHO representatives stated: "Pandemic is not a word to use lightly or carelessly . . . *We have never before seen a pandemic sparked by a coronavirus*. This is the first pandemic caused by a coronavirus. And we have never before seen a pandemic that can be controlled, at the same time." (Emphasis added.) The pandemic spread from China to surrounding countries and then to Italy, Iran, Spain and across the globe.

12.     The Center for Disease Control ("CDC") has stated that a "pandemic is a global outbreak

of disease. Pandemics happen when a new virus emerges to infect people and can spread between people sustainably. Because there is little to no pre-existing immunity against the new virus, it spreads worldwide."

13. On January 31, 2020, President Trump signed the Presidential Proclamation on Suspension of Entry as Immigrants and Nonimmigrants of Persons who Pose a Risk of Transmitting 2019 Novel Coronavirus (the First Proclamation), suspending the entry of all aliens (i.e., non-citizens) who were physically present within the People's Republic of China (excluding the Special Administrative Regions of Hong Kong and Macau) during the 14-day period preceding their attempted entry into the United States. On February 29, 2020, President Trump signed the Presidential Proclamation on the Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus (the Second Proclamation), suspending the entry of all aliens who were physically present within the Islamic Republic of Iran during the 14-day period preceding their attempted entry into the United States. On March 11, 2020, President Trump signed the Presidential Proclamation on Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting 2019 Novel Coronavirus (the Third Proclamation), resulting in a travel ban and of the entry of all aliens who were physically present in any of the 26 European countries that make up the Schengen Area during the 14-day period preceding their attempted entry into the United States. The Schengen Area included: Austria, Belgium, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Iceland, Italy, Latvia, Liechtenstein, Lithuania, Luxembourg, Malta, Netherlands, Norway, Poland, Portugal, Slovakia, Slovenia, Spain, Sweden and Switzerland.

14. On March 14, 2020, President Trump signed the Proclamation on the Suspension of Entry as Immigrants and Nonimmigrants of Certain Additional Persons Who Pose a Risk of Transmitting Coronavirus (the Fourth Proclamation), further suspending the entry of all aliens Who were physically present in the United Kingdom (excluding overseas territories outside of Europe) or the Republic of Ireland during the 14-day period preceding their attempted entry into the United States.

15. On March 19, 2020, the Henderson County Commissioners Court declared a "State of Disaster and Public Health Emergency" resulting from the COVID-19 pandemic and issued an order prohibiting "[a]ll elective medical, surgical, and dental procedures . . . anywhere in Henderson County, Texas." This Order was extended on April 7, 2020.

16. On March 20, 2020, Governor Greg Abbott announced that the U.S. Small Business Administration (SBA), at his request, had included the entire state of Texas in its Economic Injury Disaster Declaration. The Governor's request for inclusion in this Declaration was based on economic losses being suffered across Texas related to major event cancellations, loss of walk-in customers, depletion of stock from suppliers, and client cancellations. "The overriding message of this time in history is that we are all in this together," said Governor Abbott. "From people responsibly remaining at home to protect themselves and their communities to the small businesses adapting to serve them, Texans are showing their willingness to serve the greater good and that's why we'll overcome this together. That's what Texans do. We are not only Texas Strong, we are #TexasBizStrong."

17. On April 17, 2020, Governor Greg Abbott ordered that some hospitals could resume elective surgeries but also ordered that:

> All licensed health care professional and all licensed health care facilities shall postpone all surgeries and procedures that are not medical necessary to diagnose or correct a

Case 6:20-cv-00235-JCB   Document 1   Filed 05/04/20   Page 6 of 13 PageID #:  6

> serious medical condition of, or to preserve the life of, a patient who without timely performance of the surgery or procedure would be at risk for serious adverse medical consequences or death . . .

The only exceptions apply to hospitals. The order applies through May 8, 2020.

18. On March 24, 2020, the World Health Organization indicated that the United States had the potential to become the center of the COVID-19 pandemic.

19. As of April 11, 2020, all 50 states as well as the U.S. Virgin Islands, the Northern Mariana Islands, Washington, D.C., Guam and Puerto Rico have received a federal disaster declaration as a result of the pandemic. American Samoa is the only U.S. territory that is not under a major disaster declaration.

20. In accordance with these orders, Plaintiff closed its clinic on March 19, 2020 and on or about March 23, 2020 Plaintiff provided a notice of claim under the Policy in connection with the recent events involving the COVID-19 pandemic.

21. On April 1, 2020, Sentinel sent a letter to Plaintiff denying its claim on a variety of bases, including that "coronavirus did not cause property damage at your place of business . . . [e]ven if the virus did cause damage, it is excluded from the policy . . . ."

22. The letter was sent without investigation and contained several misrepresentations:

- Defendant stated "We have completed a review of your loss…"
    - Defendant requested no documents or information from Plaintiff;
    - Defendant could not have completed a review without documents or information or in such a short period of time.
- Defendant misstates the terms of the Policy. The Policy states: "We will pay for direct physical *loss **of*** or damage to Covered Property . . . ." (Emphasis added.) Defendant rewrote the policy to try to make it look like only a physical impact or change to the property was covered and would permit coverage for business income loss. At the very least, Plaintiff suffered a physical loss of the covered property as a result of actions taken to limit the impact of the pandemic on the

> health care system. Further, Plaintiff clearly suffered a loss of use of Covered Property because it was unable to operate and perform dental procedures.

- Despite the near-total closure of every non-essential business in the U.S., Defendant claims that it has "no information to indicate that a civil authority issued an order as a direct result of a covered cause of loss to your property . . . ."

- Defendant refers to a Pollution Exclusion related to the "discharge, dispersal, seepage, migration, release or escape of 'pollutants and contaminants . . . .'" "Pollutants and Contaminants" are defined as contaminants "including 'smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste . . . .'" None of these are remotely involved in this claim.

- Defendant again misstates the terms of the Policy regarding an exclusion for "Consequential Losses" and "Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body." However, these provisions expressly do not apply when there is a covered loss. As outlined above, Plaintiff clearly suffered a loss of use of the Covered Property.

- Finally, Defendant attempts to rely on the "Fungi, Bacterial or Virus Exclusion." Defendant ignores the fact that the exclusion states that it applies only to the "[p]resence, growth, proliferation, spread or any activity of . . . virus." It does not state that it applies to a loss caused by the need to prevent against the threat of viral transmission.

23.  Plaintiff has suffered and continues to suffer a "suspension" of their business activities as defined by the terms of the policy.

## V.
## CAUSES OF ACTION

**A. Breach of Contract**

24.  The Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

25.  The Policy constitutes a binding contract between Plaintiff and Defendant.

26. Plaintiff has satisfied and performed all applicable terms and conditions of the Policy by paying all premiums due under the Policy. Alternatively, Defendant has waived any such term or condition and may not assert any term or condition in the Policy as a defense to liability thereunder.

27. The pandemic and health care crisis has resulted in the Plaintiff suffering a physical loss of the insured property, and alternatively damage to the insured property and suspension of the business that is covered under the business income loss (and extra expense) provisions of the Policy. Alternatively, coverage is available under civil authority coverage under the Policy.

28. The Pollutant and Contaminant exclusion has no application to the Plaintiff's claims in light of its plain language. Alternatively, the exclusion is ambiguous and must be construed in the light most favorable to Plaintiff.

29. Because there was physical loss of the Covered Property exclusions related to consequential losses and Acts of Decisions are inapplicable.

30. The Fungi, Bacteria or Virus Exclusions have no application to the Plaintiff's claims in light of its plain language. Alternatively, the exclusion is ambiguous and must be construed in the light most favorable to Plaintiff.

31. Defendant is estopped and/or has waived the right to rely on the exclusion as a result of its premature and limited denial of coverage.

32. Defendant failed to give proper notice and disclosure of the presence of the exclusion and is thus barred from reliance upon it.

33. On information and belief, Defendant is barred from relying on the exclusion as a result of regulatory and/or administrative estoppel.

34. Alternatively, the exclusion as interpreted by Defendant is unconscionable and/or contrary to public policy and cannot be enforced as written.

35. Plaintiff has and continues to suffer a "suspension" of their business as defined by the Policy.

36. Defendant has breached the contract by its wrongful denial, causing delay and/or loss of receipt of the policy benefits and additional actual and/or consequential damages.

37. Plaintiff is entitled to recovery of attorney's fees incurred in the prosecution of these claims.

**B. Breach of The Duty of Good Faith and Fair Dealing**

38. Plaintiff incorporates each and every allegation set forth in this Petition as if fully set forth in this section.

39. This tort arises from Texas law, which recognizes a special relationship between Defendant and Plaintiff as a result of the first-party insurance policy issued by Defendant. Inherently unequal bargaining power exists between Plaintiff and Defendant.

40. Defendant had no reasonable basis for denying or delaying payment of Plaintiff's claims and it knew or should have known that it had no reasonable basis for denial. Defendant considered only its own interests, proceeded only according to its one-sided and self-serving interpretation of the Policy, and attempted to conceal from Plaintiff that Defendant in fact made no effort to consider Plaintiff's interests. Defendant pre-textually looked only for ways to avoid coverage rather than first trying to find coverage.

41. Defendant had a duty to investigate the claims fairly and objectively but it clearly failed to make any attempt to do so. Nonetheless, it is deemed to have it is charged with full and

complete knowledge of what a reasonable investigation would have revealed, and its actions must be judged accordingly.

42. Accordingly, Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where its liability had become reasonably clear.

43. Defendant's breach of the duty of good faith and fair dealing proximately caused actual and consequential damages to the Plaintiff.

**C. Gross Negligence and/or Malice**

44. Plaintiff incorporates each and every allegation set forth in this Petition as if fully set forth in this section.

45. Defendant's breach of the duty of good faith was malicious and/or grossly negligent and therefore supports an award of exemplary damages. When viewed objectively from the standpoint of Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, or the risk of financial ruin to others, and of which Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

46. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiff.

47. Each of the acts described above, together and singularly, was done knowingly and was a producing cause of Plaintiff's damages described herein.

**D. Violation of Texas Prompt Pay Act**

48. Plaintiff incorporates each and every allegation set forth in this Petition as if fully set forth in this section.

49.     Defendant has failed to timely and promptly pay as required under TEX. INS. CODE §§ 542.055-542.059.

50.     Defendant should be ordered to pay "in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law." TEX. INS. CODE § 542.060(a).

51.     Plaintiff was forced to retain the services of an attorney and law firm to represent them with respect to their claims against Defendant because of Defendant's wrongful acts or omissions. *Id.* at sec. 542.060(b).

## VI.

## DAMAGES

52.     The business losses caused by the coronavirus pandemic are ongoing and causing an undue burden and hardship on Plaintiff.  In all probability, such losses will exceed the insurance proceeds available under the Policy

53.     Defendant's failure to promptly accept and pay Plaintiff's claim has caused and will continue to cause direct and consequential damages that in total will likely far exceed the limits of the Policy.  Such damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the law set forth above.

54.     In particular, Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     For breach of contract, Plaintiff is entitled, at a minimum, to compensatory damages as measured by its covered losses under the Policy.

56.     For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled, at a minimum, to all compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount Defendant owes and other direct and consequential damages, as well as exemplary damages.

57.     Plaintiff is entitled to recover its court costs and attorneys' fees as such is authorized by applicable Texas law for comparable actions.  TEX. CIV. PRAC. & REM .CODE § 38.001(8).

## VI.
## JURY TRIAL DEMANDED

58.     Plaintiff asserts its right under the Seventh Amendment to the U.S. Constitution and demands in accordance with Federal Rule of Civil Procedure 38 a trial by jury on all issues.

## IX.
## PRAYER

59.     Plaintiff prays that Defendant be cited to appear and answer upon final hearing hereof, Plaintiff has judgment against Defendant awarding the following relief:

    a.      Actual, consequential and special damages for Defendant's breach of contract;

    b.      Actual damages for Defendant's breach of the duty of good faith and fair dealing;

    c.      Exemplary damages for Defendant's grossly negligent and/or malicious violations of the duty of good faith and fair dealing;

    d.      An 18% penalty under TEX. INS. CODE § 542.060 et seq.;

    e.      Reasonable and necessary attorney's fees and costs;

      f.      Pre-judgment and post-judgment as allowed by law;

      g.      Such other and further relief as is equitable and just, both at law and in equity, as Plaintiff may, at the time of trial, show itself justly entitled.

This 4th day of May, 2020.

          Respectfully submitted,

          */s/Clay Miller*
          Clay Miller
          cmiller@millerweisbrod.com
          Josh Birmingham
          jbirmingham@millerweisbrod.com
          Alexandra V. Boone
          aboone@millerweisbrod.com
          **MILLER WEISBROD, LLP**
          12750 Merit Dr., Bldg. 7, Ste. 1100
          Dallas, Texas 75241
          (214) 987-0005
          (214) 987-2545 (Facsimile)

          ***ATTORNEYS FOR PLAINTIFF***